Vesper and others vs. Farnsworth, imp.

REAL PROPERTY: PARTITION: APPEAL. *(1-4) When sale of premises will be ordered in partition. (1) Appealable order.*

1. The circuit court, in a partition suit, may order a *sale* of the premises, if it is made to appear that partition thereof cannot be had without great prejudice to the owners; and such an order is *appealable* under sec. 71, ch. 142, R. S., and, in the absence of that section, would be appealable under Tay. Stats., 1635, § 11, subd. 4.

2. The power to convert real estate into money against the will of the owner is an extraordinary and dangerous power, and should not be exercised unless its necessity is clearly established: and *it seems* that the injury which will warrant a sale, must be a *pecuniary* injury.

3. The circumstances which will render a partition injurious, must usually relate to *the land itself*, its location, condition, quantity and the like; and mere complication of the owners' interests does not necessarily render partition injurious to them; though the nature and extent of such interests may perhaps be circumstances to be considered, in connection with the physical condition of the premises, in determining whether partition can be made without injury.

4. Where, therefore, it appears to this court, from the record in a partition suit, that an order of sale made therein was based wholly upon the fact that one of the parties held a life estate in a portion of the land, besides owning the fee of a part thereof, the order is reversed to give the trial court an opportunity to ascertain whether there are any facts and circumstances showing that if partition be made, the value of the share of each owner will be materially less than his probable share of the purchase money in case of a sale.

APPEAL from the Circuit Court for *Dodge* County.

This action was brought under ch. 142 of the revised statutes, for the partition of lands owned in common by certain of the parties. After the usual judgment for partition pursuant to sec. 20 of said chapter, the reference directed in sec. 22 was made, and the referee reported that partition of the lands might easily be made without prejudice to the owners. Afterwards the court sent the matter back to the referee for a more specific and detailed report of the condition and situation of the lands, and in due time the referee filed a supplemental report as directed by the court.

It appears by the judgment for partition, that the defendant *Susan Farnsworth* has dower interests in the land, besides being the owner in fee of a certain share thereof.

The court sent the matter to the referee a third time, directing him to report whether in his former reports he took into consideration the fact that there was an outstanding life estate in the premises, "and whether, such being the fact, in his opinion the said premises or any part thereof are so circumstanced that a partition and division thereof among the parties interested cannot be made without great prejudice to the owners." The referee thereupon reported that he had not taken that fact into consideration in his former reports, and concluded such last report as follows: "I do hereby certify and report, that, after considering all the circumstances of the case, and particularly the rights in said premises in remainder or reversion of some of the parties, as established by said judgment, I am of the opinion that a partition and division of said premises amongst the parties interested cannot be made without great prejudice to the owners."

The court confirmed the last report, and made an order for the sale of the premises, pursuant to sec. 33. The defendant *Susan Farnsworth* appealed from the order of sale.

The cause was submitted on briefs.

*L. T. Fribert*, for appellant:

The order is appealable under Tay. Stats., 1635, § 11, subds. 1 and 2. It "affects a substantial right," and "in effect determines the action, and prevents a judgment from which an appeal might have been taken." And it is "a final order affecting a substantial right made in special proceedings," and "upon a summary application in an action after judgment," to wit, after the judgment for partition. *F. & M. Bank v. Griffith*, 2 Wis., 443; *Collins v. Case*, 25 id., 651; *Ernst v. Steamer Brooklyn*, 24 id., 616. It is also appealable under sec. 71, ch. 142, R. S., which entitles any of the parties to an action for a partition or sale to "appeal from any judgment or order of the court upon any such proceedings." It is also appealable because it "involves the merits of the action, or some part thereof." Tay. Stats., 1635, § 11, subd. 4. 2. The statute only authorizes a sale in partition suits when an actual partition by metes and bounds can not be made "without great prejudice." It is not sufficient that the partition may in some degree be prejudicial to some of the parties. Such a sale is a very dangerous expedient, exposing those of the parties who are not able to bid at the same, to the deprivation of their property without just compensation. And the courts are averse to such sales where an actual partition may be had. *Clason v. Clason*, 6 Paige, 541; *Smith v. Smith*, 10 id., 470; *Wood v. Little*, 35 Me., 107; *Kane v. Parker*, 4 Wis., 123. A mere farm, used only for agricultural purposes, can seldom if ever be sold in partition, but must be actually divided.

*Cotzhausen, Smith, Sylvester & Scheiber*, for respondents:

If any appeal may be had from proceedings subsequent to judgment, it should be from the final order of confirmation of the sale. R. S., ch. 142, sec. 20; Freeman on Cotenancy, § 548; *MacLain v. Van Winkle*, 46 Ill., 406. 2. The action of the court granting or denying a sale in a partition suit is largely discretionary, and will not be reversed except in a clear case of error. *Scott v. Guernsey*, 48 N. Y., 106. Such

a sale is a matter of right where the circumstances designated by the statute are found to exist. Freeman on Cotenancy, § 539. As to what constitutes "great prejudice to the owners," see Freeman on Cotenancy, § 537. The facts of the conflicting interests and of the life estate of *Mrs. Farnsworth* afford a strong objection to the partition, since it would not be final, but the incumbrance of an undetermined life estate would still have to be disposed of, before the full purpose of the cotenants could be accomplished.

LYON, J. I. The order of sale is clearly appealable under sec. 71, ch. 142, R. S., and, without that section, would be appealable under the general appeal law. Tay. Stats., 1635, § 11, subd. 4. For an order in a partition action which directs a sale of the premises instead of a partition thereof amongst the owners, affects substantial rights, and evidently involves the merits of the action. In this particular action the order disposes of the whole controversy.

II. We cannot doubt the power of the circuit court to order a sale of the premises, if it is made to appear that partition thereof cannot be made without great prejudice to the owners. The fact that *Mrs. Farnsworth* has a dower interest therein, does not interfere with such power. No other construction can properly be given to ch. 142. The provisions of other chapters concerning the assignment of dower by county courts are not applicable to this action, and do not restrict the authority of the court to order a sale, in a proper case, of the premises held in common.

III. But there is a defect in the proceedings which we think fatal to the order of sale. So far as we can perceive, the order rests entirely upon the fact that there is an outstanding life estate in a portion of the premises. But for that circumstance, it seems, so far as it yet appears, that an actual partition of the land is entirely practicable. If partition could be made in that case without great injury to the owners, it is not

very apparent how a change in the relative interests and rights of the owners can render an actual partition so disastrous to them. To illustrate: A., B. and C. own a farm in common, and actual partition can be made between them without injury to either. But A., in addition to his one-third interest in the farm, acquires a life estate in one-half of the interests of B. and C. How can that circumstance alone render an actual partition of the farm injurious to the owners or either of them? The same difficulty in making partition in the latter case would arise in making division of the proceeds, should the farm be sold. It seems to us that the circumstances which will render a partition injurious must usually relate in some way to the land itself, its location, condition, quantity and the like, and that mere complication of owners' interests, having no relation to these, does not necessarily render partition injurious to the owners. or any of them.

Yet we are not prepared to say that the nature and extent of the respective interests of the owners are circumstances not to be considered in connection with the physical condition and qualities of the premises held in common, in determining whether partition can be made without injury.

In the present case it may be that the dower interests of *Mrs. Farnsworth* can be set off to her, and partition can be made between the other owners respectively, not only of their several estates in possession, but of their reversionary interests, without injury to any of them. Whether this can or cannot be done, has not yet been made to appear to the circuit court. That court is informed, by the first and second reports of the referee, of the value of the premises, and of different parts thereof; how they are located; the quality of the lands; the uses to which it is or may be devoted; and the character, location and value of the improvements thereon; also, that the premises may easily be partitioned without prejudice to the owners. By the third report the court is informed, that, considering all of the circumstances of the case, and particularly

the reversionary rights of some of the parties in the premises, partition cannot be made without great prejudice to the owners.

Now, as before observed, we do not perceive how the mere fact that the title is complicated by the outstanding life estate, can of itself render a partition injurious to the owners, which would not otherwise have been so. If there are facts and circumstances which show that owing to the peculiar nature of the titles of the different owners, partition is impracticable, the same have not been brought to the knowledge of the court. Until that can be done, the court cannot properly order the premises to be sold. It was so held in *Tucker v. Tucker*, 19 Wend., 226, under a statute of New York substantially like ours. The power to convert real estate into money against the will of the owner, is an extraordinary and dangerous power, and ought never to be exercised unless the necessity therefor is clearly established.

We think it the safer course to reverse the order of sale, and thus give the circuit court an opportunity to ascertain whether, if the premises be partitioned, the value of the share of each owner will be materially less than his or her probable share of the purchase money in case the premises are sold. If so, a sale will be proper, for the injury which will warrant a sale we understand to be a pecuniary injury. As yet, there is no evidence in the case that such an injury will result to any owner if the premises are partitioned.

*By the Court.* — Order reversed.