MARSHALL & ILSLEY BANK, Administrator, and another, Respondents, vs. DE WOLF and another, Appellants.

*November 10—December 7, 1954.*

For the appellants there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *Mr. Harold F. Lichtsinn* and *Mr. Dede.*

For the respondents there was a brief by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *Carl R. Becker.*

BROWN, J.    Ch. 276, Stats., deals with the subject of partition actions.  Sec. 276.20, Stats., directs:

"SALE IF PARTITION CANNOT BE MADE.  If the court shall find that the land or any portion thereof is so situated that partition cannot be made without great prejudice to the owners, it may order the sheriff to sell the premises so situated at public auction.  Such order shall direct the terms of credit which may be allowed for any of the purchase money, which the court shall think proper to direct to be invested, or is required to be invested for the benefit of any unknown owners, infants, nonresidents, or tenants for life, years, or by the curtesy."

Construing this language, in *Vesper v. Farnsworth* (1876), 40 Wis. 357, 362, we said:

"The power to convert real estate into money against the will of the owner, is an extraordinary and dangerous power, and ought never to be exercised unless the necessity therefor is clearly established.

"We think it the safer course to reverse the order of sale, and thus give the circuit court an opportunity to ascertain whether, if the premises be partitioned, the value of the share of each owner will be materially less than his or her probable share of the purchase money in case the premises are sold.  If so, a sale will be proper, for the injury which will warrant a sale we understand to be a pecuniary injury.  As yet, there is no evidence in the case that such an injury will result to any owner if the premises are partitioned."

We affirmed this view in *Idema v. Comstock* (1907), 131 Wis. 16, 18, 110 N. W. 786, adding:

"So the established test of whether a partition in kind would result in 'great prejudice to the owners' is whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole."

And in *White v. Tillotson* (1950), 256 Wis. 574, 578, 42 N. W. (2d) 283, we repeated and reaffirmed the rule.

The burden of proof of the necessity of a sale is on the party who alleges such necessity. *White v. Tillotson, supra,* page 578. In the present case, that means the respondents.

It is, of course, evident that the premises can be evenly divided. In fact, the central partition divides them now into stores of equal space. In years past, the two stores were let to separate tenants who operated their premises independently and no difficulties in such operation are in evidence. The testimony shows that on account of the construction and condition of the building it would be a very expensive undertaking for the owner of either half to develop his portion independently, but expense to the one who wants to make changes is not an adequate reason for taking away property from another owner who may be content with his part of the space as it is. Of course, without the consent of the lessee, no remodeling is possible until the expiration of the lease.

Two well-qualified real-estate experts testified that the property was more useful and more valuable as one parcel than as two. The only evidence of values translated into dollars was that given by one of the experts who said that he considered the combined value of two independent halves was $20,000 less than that of the united parcel.

The difficulties in the way of future independent reconstruction of either or both of the two halves of the building would be justification for the court to order a sale if it was empowered to determine whether the parties would, in the long run, be better off with a division in kind or with the value of the property converted into cash. That, however,

is not the function of the court. The appellants are *sui generis* and entitled to have their property in kind unless the prejudice contemplated by sec. 276.20, Stats., appears. If it is so situated that a division in kind is physically feasible, partition in kind must be had unless thereby the value of the share of each owner will be materially less than his or her probable share of the purchase money in case the premises are sold.

Respondents refer us to no testimony, and we believe there is none, bearing upon the amount reasonably to be expected by the several owners as the result of a sale by the sheriff. It is common knowledge that property so sold ordinarily brings much less than its fair value. In the present case the owners are financially unable to protect the true value by bidding themselves. The terms of the lease, the incumbrances, and the need of repairs are also calculated to depress the present sale value. There is no testimony that a sale would probably produce any amount of cash. Therefore, on this record, it is impossible to calculate the relationship between the value of the respective shares of realty and the corresponding share of the money probably to be received in their stead as the result of a sheriff's sale. The burden of establishing that the value of a share of real estate was materially less than the probable like share of purchase money was on the respondents and evidence was not produced to meet it.

Under the circumstances that part of the judgment which adjudged: "That said real estate and premises are so circumstanced that a partition thereof among the parties cannot be made without great prejudice to the owners," as the term "great prejudice" has been uniformly construed by this court, is not supported by evidence and must be reversed and the order dependent upon it directing that the premises be sold as a whole at public auction under the direction of the sheriff reversed also.

*By the Court.*—Judgment and order reversed, and cause remanded for partition in kind conforming to ch. 276, Stats., and to this opinion.

CURRIE, J. (*concurring*). The learned trial judge in his memorandum opinion stated that the chief circumstance which militated against a partition in kind was the fact that the present partition wall above the first floor was of such unsubstantial construction that it could not serve as a party wall, and that the erection of a new party wall would cost at least $15,000. This cost in view of the large incumbrances against the property, together with the inconvenience which would be caused to the tenant in constructing such a new party wall, in the opinion of the trial judge made it impractical to consider a division in kind.

This would seem to be beside the point on the issue of whether a partition in kind should be ordered. The present wall separating the two halves is suitable to serve as such a dividing wall if a partition in kind is ordered, until such time as the owners of one of the halves desires to construct a new building, or remodel the existing building, so as to have the dividing wall reconstructed to act in a weight-carrying capacity. The decree partitioning the property in kind should provide that the existing dividing wall be adjudged a party wall. Then the law of party walls would operate whenever in the future it becomes necessary to rebuild such wall, or the owners of one property desire to erect a new building. For a statement of the applicable law of party walls in the event of such a contingency, see 40 Am. Jur., Party Walls, p. 507, sec. 37, and cases cited in footnotes 5, 6, 7, and 8 thereof.

The briefs of counsel discuss the issue of the application of the provisions of sec. 276.42, Stats., in the event one of the halves should be determined to have a greater value than the other. A practical manner of handling the owelty problem in

the decree adjudging a partition in kind in the instant case would be to adjust the liability of the two parcels to discharge the present mortgage indebtedness in such manner as to equalize the values of the two parcels. For example, if one parcel were determined to be worth $20,000 more than the other, the sum due as owelty would be $10,000, and the decree could provide that, as between the owners of the two parcels, the parcel having the greater value be liable to discharge one half plus $10,000 of such mortgage indebtedness while the parcel of lesser value should be liable to discharge one half less $10,000 thereof. This would obviate the necessity of placing a further new lien on the parcel having the greater value to cover the owelty. The rights of the mortgagee would not be adversely affected by such a provision in the partition decree as the whole of the mortgage would continue to incumber both parcels the same as before the partition decree was entered.