Leonard Edwin BOLTZ and Susan Boltz, his wife,
Plaintiffs-Respondents,
v.

Howard William BOLTZ and Carole Boltz, his wife,
Defendants-Appellants.†

Court of Appeals

*No. 86–0609. Submitted on briefs August 11, 1986.—Decided
September 2, 1986.*

(Also reported in 395 N.W.2d 605.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

For the defendants-appellants, Howard William Boltz and Carole Boltz, briefs were submitted by *Gary R. McCartan, S.C,* by *Sharon M. Gisselman,* of Wausau.

For the plaintiff-respondents, Leonard Boltz and Susan Boltz, a brief was submitted by *George P. Kersten* of *Kersten & McKinnon,* Milwaukee, Wisconsin and *Rex M. Smith, Esquire,* of Antigo.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Howard and Carole Boltz appeal an order for the sale of property in which Howard owns an undivided one-half interest with Leonard and Susan Boltz. They contend that the property should have been partitioned rather than sold and that the trial court should have appointed a referee to determine whether a basis for partition existed. Because we conclude that the

correct statutory procedure was followed in ordering the sale, we affirm the trial court's order.

Leonard and Susan Boltz, and Howard Boltz, each own an undivided one-half interest in 708 acres of land as tenants in common.[1] The property encircles a forty-one acre lake and has been used primarily for recreational purposes by the Boltz family over the last forty years. The property's appraised value is between $359,000 and $370,000.

Leonard and Susan brought an action under ch. 842, Stats., asking for partition or sale of the property. At trial, each side introduced two experts in real estate appraisal. Leonard and Susan's experts testified that partition of the property would destroy the property's unique characteristic as a wholly-owned private lake and result in a loss of fair market value of $70,000 to $89,000. Based upon this testimony, the trial court concluded that the property could not be partitioned without prejudice to the owners. Accordingly, the court ordered the property sold if one party did not buy out the other party's interest. Howard and his wife, Carole, appeal the trial court's order.

The appellants raise two issues. First, they argue that pursuant to secs. 842.02(2) and 842.17(1), Stats., a court must order partition of the property rather than its sale. Section 842.02(2) states that a "[p]laintiff in his complaint may demand judgment of partition and, in the alternative, if partition is impossible, judicial sale of the land or interest, and division of the proceeds." Section 842.17(1) provides that: "If the court finds that the land or any portion thereof is so situated that partition cannot be made without prejudice to the owners, . . . it

---

[1] Howard's wife, Carole, has no ownership interest of record in the subject property.

may order the sheriff to sell the premises so situated at public auction." Secondly, the appellants contend that the trial court erred by failing to appoint a referee to determine whether a basis for partition exists. Because, under its findings of fact, the trial court followed the correct statutory procedure in ordering the sale, we affirm.

■

The interpretation and application of a statute to a particular set of facts are questions of law. *Glover v. Marine Bank*, 117 Wis.2d 684, 691, 345 N.W.2d 449, 452 (1984). Questions of law are reviewed independently without deference to the trial court's decision. *See Lippstreu v. Lippstreu*, 125 Wis.2d 415, 416, 373 N.W.2d 53, 54 (Ct. App. 1985). Therefore, we will examine the appellants' arguments ab initio.

■

The appellants misconstrue secs. 842.02(2) and 842.17(1). The primary source for construction of a statute is the language of the statute itself. *State v. Burkman*, 96 Wis.2d 630, 638, 292 N.W.2d 641, 645 (1980). Nevertheless, statutes relating to the same subject matter are to be construed together and harmonized. *Id.* at 642, 292 N.W.2d at 647. Section 842.02 is restricted to the pleadings and requires that partition must be found to be "impossible" before the plaintiff can request judicial sale of the property. The term "impossible" as used in this statute must be read in the context of the standard of a judicially ordered sale as set forth in sec. 842.17. Section 842.17(1) directs a court to order partition if it can be made without "prejudice to the owners." Under this statute, there still remains a strong presumption for partition rather than sale, but

the statute clearly establishes judicial sale as a remedy if partition would result in prejudice to the owners.

While prejudice is not defined in sec. 842.17, this statute was prepared following the decisions in *Marshall & Ilsley Bank v. De Wolf*, 268 Wis. 244, 67 N.W.2d 380 (1955), and *White v. Tillotson*, 256 Wis. 574, 42 N.W.2d 283 (1950). In these cases, the court determined that great prejudice resulted if partition would cause a substantial economic loss. *Marshall & Ilsley Bank*, 268 Wis. at 248-49, 67 N.W.2d at 382-3; *White*, 256 Wis. at 579, 42 N.W.2d at 285.[2] When the present sec. 842.17(1) was adopted in 1973, the legislature changed the standard of judicial sale from one of great prejudice to prejudice. *See* ch. 812, Stats. (1973); ch. 276, Stats. (1971). There is nothing in the revised statute to indicate that the legislature intended that substantial economic loss should not be found to be prejudice.

The trial court determined that a substantial economic loss would result if the Boltz property were partitioned and concluded that this loss would prejudice the owners. These findings are not clearly erroneous and will not be disturbed on appeal. *See* sec. 805.17(2), Stats. Therefore, based upon its finding that a substantial economic loss would result from partition, the trial court was empowered to order a judicial sale rather than partition of the property under sec. 842.17.

Next, the appellants assert that the trial court erred by failing to appoint a referee as required under sec. 842.07, Stats. The parties agreed to allow the court to

---

[2] These decisions are consistent with the court's prior holdings. *See Idema v. Comstock*, 131 Wis. 16, 18, 110 N.W. 786, 787 (1907); *Vesper v. Farnsworth*, 40 Wis. 357, 362 (1876).

proceed to consider the issue of partition or sale without the appointment of a referee. In light of this stipulation, the appellants' contention that the court failed to follow the statute must be rejected. Furthermore, the appellants did not raise this issue until after the trial court had rendered its decision, and it cannot be raised on appeal. *See Heyse v. Heyse*, 47 Wis.2d 27, 32, 176 N.W.2d 316, 318-19 (1970). However, we deem this issue appropriate for review in order to clarify the meaning and effect of sec. 842.07. *See Wirth v. Ehly*, 93 Wis.2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980).

A statute is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany*, 104 Wis.2d 552, 561, 313 N.W.2d 47, 51-52 (1981). If a statute is ambiguous, we look to its statutory content, subject matter, scope, history, and the object to be accomplished in order to arrive at its reasonable meaning. *St. John Vianney School v. Board of Education*, 114 Wis.2d 140, 151, 336 N.W.2d 387, 391 (Ct. App. 1982). Whether a statute is ambiguous is a question of law. *Id.* at 150, 336 N.W.2d at 391.

Section 842.07 provides that the court shall determine the rights of the parties at trial: "On default and proof or after trial of issues, the court shall by findings of fact and conclusions of law determine the rights of the parties." The statute continues: "If the basis for partition is clear, the court may enter judgment partitioning the interests. If the basis for partition is not clear, the court shall appoint a referee to report either the basis for partition, or the conclusion that partition is prejudicial to the parties." Accordingly, the language of the statute itself provides for partition only after a

finding has been made that partition is the appropriate remedy.

We find sec. 842.07 to be ambiguous as to the meaning of the word "basis" and the role of the referee. The word "basis" in this statute could mean either where the partition line should be drawn or the reasons for the drawing of the line. We conclude that "basis" means where the line should be drawn. Such a construction is consistent with the legislature's intent and avoids a construction that would have a referee address matters that have already been judicially determined. Therefore, that part of sec. 842.07 permitting the referee to report that partition is prejudicial is simply reserving to the referee the right to report to the court its conclusion, rather than to compel the referee to draw a line that, in the referee's opinion, cannot be done without prejudice to the owners.

The referee's report may require an additional hearing should either party wish to dispute its conclusions. Section 842.12, Stats. At that proceeding, the court will limit its inquiry to a determination as to where the line should be drawn or, if the referee reports that the property cannot be partitioned without prejudice, a review of the reasons for the referee's opinion. The court may then reaffirm its conclusion that partition is possible and appoint a new referee. *See* sec. 842.13, Stats. Conversely, the court may reconsider its decision in light of the referee's report and conclude that partition is not possible and order judicial sale.

Section 842.07 does not mandate that a referee be appointed in every case to assist in partitioning as urged by the appellants. Section 842.07 envisions the appoint-

285

ment of a referee only when the court has determined that partition is appropriate and the basis is unclear. The court may then resort to a referee for assistance in determining where the line should be drawn to effect an equitable partition of the property. To interpret the statute otherwise would require a referee to be appointed to assist in the partition of land that the court has already determined cannot be partitioned without prejudice to the owners. Such a statutory construction would create unwarranted delay, involve the expenditure of significant money, and lead to an absurd and unreasonable result. Statutes should be construed to avoid absurd and unreasonable results. *State v. Burkman*, 96 Wis.2d 630, 642, 292 N.W.2d 641, 647 (1980).

In the instant case, after a trial the trial court determined that partition would be prejudicial to the property owners and, therefore, ordered judicial sale. Following such a finding, the statute does not require the appointment of a referee.

*By the Court.*—Order affirmed.