# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Michael W. KELLY, Defendant-Appellant.

Court of Appeals

*No. 88–0972–CR. Submitted on briefs December 8, 1988.—
Decided January 17, 1989.*

(Also reported in 436 N.W.2d 883.)

For appellant there was a brief submitted by *Peter J. W. Kivisaari,* of Norway, Michigan.

For respondent there was a brief submitted by *Donald J. Hanaway,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Michael W. Kelly appeals a judgment of conviction on one count of extortion in violation of sec. 943.30(1), Stats., and an order denying a new trial. The issues on appeal are whether the threat of extortion made in Michigan and received in Wisconsin

is sufficient to constitute a crime in Wisconsin and whether the prosecutor made an improper closing argument. We hold that sec. 943.30(1) does not require that both the extortionist and recipient be located physically in Wisconsin at the time of the crime's occurrence. Also, because there is no transcript or proper reconstruction of the prosecutor's closing argument, we cannot review the issue of whether the prosecutor's closing argument was improper. Therefore, we affirm.

Joe Kiser owed money to Michael Kelly. In order to force payment of this debt, Kelly, without Kiser's consent, removed a welder from Kiser's business in Niagara, Wisconsin, to Kelly's business in Norway, Michigan. While in Michigan, Kelly telephoned Kiser in Wisconsin, and indicated to Kiser that the welder would be returned upon Kiser's payment of the debt. Kiser related this threat to the Niagara city police who in turn drove to Michigan and met with Norway authorities and Kelly. When Kelly refused to return the welder, Marinette County charged Kelly with one count of extortion and one count of theft.

The matter went to trial. At the close of the evidence, Kelly moved the trial court to dismiss pursuant to sec. 972.10(4), Stats. Kelly does not dispute the facts but asserts that the state failed to prove or present any evidence from which a jury could find that Kelly had committed extortion in Wisconsin. The trial court denied Kelly's motion. Subsequently, the jury found Kelly guilty of extortion, but not guilty of theft.

This issue requires the interpretation of sec. 943.30(1) and its application to this particular set of facts. This involves a question of law. *Boltz v. Boltz*, 133 Wis. 2d 278, 282, 395 N.W.2d 605, 606 (Ct. App. 1986).

Questions of law are decided without deference to the trial court. *Id.*

Kelly contends that because the communicated threat originated from Michigan, the state failed to prove that he committed extortion in Wisconsin. We disagree. The extortion statute reads:

> **943.30 Threats to injure or accuse of crime.**
> **(1)** Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense, or threatens or commits any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class D felony.

The elements of extortion are (1) a malicious threat to do injury to a person, property or business and (2) intent to extort money or compel another person to do any act against their will. Under Kelly's theory, both the extortionist and the recipient would have to be physically located in Wisconsin before a charge could be founded.

Section 971.19, Stats., the venue statute, specifically addresses the situation in this instance. Section 971.19 provides that criminal actions will be tried in the county where the crime was committed; specifically, subsec. (6) provides:

> If an offense is commenced outside the state and is consummated within the state, the defendant

777

may be tried in the county where the offense was consummated.

As a general rule, when a person in one state begins a crime that is completed in another state, the crime is deemed to have been committed in the latter state. *See* 40 Am. Jur. 2d *Homicide* sec. 200 (1968). For example, if a person is standing in Minnesota and fires a gun across the border into Wisconsin, the crime is deemed to have been committed in Wisconsin where the shot or blow occurred. *See id.,* sec. 200 at 479–80; *see also State v. Hall,* 19 S.E. 602 (N.C. 1894); *Simpson v. State,* 17 S.E. 984 (Ga. 1893). Similarly, Kelly commenced the offense by placing the telephone call outside Wisconsin; however, the offense was consummated or completed in Wisconsin when Kiser received the threat. Because an extortionist need not be physically present in Wisconsin when commencing the threat, Marinette County was the proper venue for the trial of this offense.

The remaining issue is whether the prosecutor's closing argument exceeded the bounds of "fair final argument." Closing arguments were not recorded. However, Kelly recollects that the prosecutor indicated to the jury that should it fail to convict Kelly for the crime of extortion, it would then give Kelly a green light or a license to use similar tactics against other debtors who owed him money. Kelly asserts that this argument violated an ABA standard that prohibits injecting issues broader than the accused's guilt or innocence.

Generally, reviewing courts will not address an alleged error in closing argument if no record exists. *Smith v. State,* 65 Wis. 2d 51, 54, 221 N.W.2d 687, 689 (1974). Exceptions to the rule exist where counsel

stipulates to what was said or the trial court reconstructs the statements. *Johnson v. State,* 75 Wis. 2d 344, 368-69, 249 N.W.2d 593, 605 (1977).

Here, the parties did not stipulate to what was said, nor did the trial court attempt to reconstruct the argument. Since Kelly did not preserve the record, there is no evidence that the statement was made or that it exceeded the boundaries of fair final argument. Accordingly, we affirm the trial court's denial of a new trial.

*By the Court.*—Judgment and order affirmed.