STATE of Wisconsin, Plaintiff-Appellant,

v.

Susan J. RASMUSSEN, Defendant-Respondent.†

Court of Appeals

*No. 94–2000–CR. Submitted on briefs April 6, 1995.—Decided May 25, 1995.*

(Also reported in 536 N.W.2d 106.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *C. William Foust*, Dane County District Attorney, with *Judy Schwaemle*, assistant district attorney.

For the defendant-respondent the cause was submitted on the brief of *Mark A. Eisenberg* of *Eisenberg Law Offices, S.C.* of Madison.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

GARTZKE, P.J. The State appeals from an order[1] granting the motion of Susan J. Rasmussen to dismiss the part of the criminal information alleging the penalty-enhancing provisions of § 161.49, STATS 1992–92 (as amended by 1993 Wis. Act 87, §§ 4 and 5).[2]

---

[1] We granted the State's petition for leave to appeal the trial court's nonfinal order.

[2] The current § 161.49, STATS., provides in pertinent part:

(1) If any person . . . violates s. 161.41(1m)(cm) . . . by possessing with intent to deliver, a controlled substance . . . while on or otherwise within 1,000 feet of any private or public school premises . . ., the maximum term of imprisonment prescribed by law for that crime may be increased by 5 years.

She is charged with possession with intent to deliver cocaine in an amount greater than forty grams. Section 161.41(1m)(cm)4, STATS., 1991-92 (as amended by 1993 Wis. Act 98, § 96g). It is undisputed, for purposes of the motion, that on April 19, 1994, Rasmussen drove within 1,000 feet of a private school premises, and cocaine was in her purse and car at the time. The question is whether the evidence, if sufficient to convict her on the underlying charge of possession of a controlled substance with intent to deliver, is also sufficient to satisfy the penalty-enhancing provisions in § 161.49. The trial court held it was not. We disagree and reverse the order.

Following the hearing on Rasmussen's motion to dismiss the enhancer, the trial court found that Rasmussen had been stopped and arrested for operating a motor vehicle while intoxicated. Incident to that arrest, and having probable cause to believe Rasmussen was a drug trafficker, the officer arrested her for possession of cocaine with intent to deliver. The complaint alleges that she had about fifty-nine grams of cocaine in her possession. The parties stipulated that the discovery of the cocaine and Rasmussen's arrest did not occur

---

(2)(a) [I]f any person . . . violates s. 161.41(1m) by possessing with intent to deliver, a controlled substance listed in schedule I or II . . . while on or otherwise within 1,000 feet of any private or public school premises . . . the court shall sentence the person to at least 3 years in prison, but otherwise the penalties for the crime apply. Except as provided in s. 161.438, the court shall not place the person on probation. The person is not eligible for parole until he or she has served at least 3 years, with no modification by the calculation under s. 302.11(1).

Although the legislature amended § 161.49, STATS., since the date of the charged crime, the above-quoted language is the same as that in effect at the relevant time. *See* 1993 Wis. Acts 281, 490 and 491.

within 1,000 feet of a school premises, but that before her arrest she had driven within 1,000 feet of a private school premises. Rasmussen contended that no factual basis alleged in the complaint supports a finding that she intended to deliver the cocaine within the 1,000-foot zone. The court found that Rasmussen was simply traveling between a tavern and her house when she passed within 1,000 feet of the school.

The court concluded it need not decide whether Rasmussen had delivered or intended to deliver within the 1,000-foot zone or whether she knew she had been within the zone when she was arrested. The court concluded that the enhancing provisions of § 161.49, STATS., do not apply to Rasmussen. We disagree.

Whether the penalty-enhancing provisions in § 161.49, STATS., apply to a person who possesses with intent to deliver a controlled substance *anywhere*, including outside the zone, while passing within 1,000 feet of a private or public school premises turns on the meaning of the statute. We conclude that the provisions apply.

The application of a statute to the stipulated facts raises a question of law which we review independently and without deference to the view of the trial court. *See Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146-47 (1979). If a statute is unambiguous, we must apply its plain terms. *Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 201, 496 N.W.2d 57, 61 (1993). Whether a statute is ambiguous is a question of law. *State ex rel. Girouard v. Circuit Court*, 155 Wis. 2d 148, 155, 454 N.W.2d 792, 795 (1990). A statute is ambiguous only if it may be understood in two or more different senses by reasonably well-informed persons. *Ervin v. City of Kenosha*, 159

Wis. 2d 464, 472, 464 N.W.2d 654, 657-58 (1991). If a statute is ambiguous, we look outside its words to determine the intent of the legislature when adopting it. *Boltz v. Boltz*, 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986).

■

The enhancing statute, § 161.49, STATS., is unambiguous. Its relevant portion expressly preconditions enhancement on a violation of § 161.41(1m), STATS. Section 161.41(1m) provides in pertinent part, "Except as authorized . . ., it is unlawful for any person to possess, with intent to . . . deliver, a controlled substance."[3] The crime of possession with intent to deliver a controlled substance *is* complete, whenever and wherever it occurs. If the elements are satisfied, the crime is committed regardless whether the intent is to deliver at a particular time or place. If § 161.41(1m) has been violated, and the violation occurred in one of the zones described in § 161.49, then the latter statute increases the penalty.

Because the plain meaning of the statute is unambiguous, we do not look beyond its words. We add, however, that we are not the first state court to hold as we have in a similar statutory context. In *Commonwealth v. Roucoulet*, 601 N.E.2d 470 (Mass. 1992), one statute made criminal the possession with intent to deliver cocaine. A second statute provided that any person who violates the first statute "while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational or secondary school . . . shall be punished by" specified penalties. *Id*. The *Roucoulet* court held that the words "while in or on, or within" 1,000 feet of a school prop-

---

[3] None of the exceptions apply.

erty "are clearly meant to fix the location where the *predicate* crime must take place." *Id.* at 471 (emphasis added). The *Roucoulet* court rejected the contention that the penalty provision in the second statute applies only if a defendant has been shown to have possessed cocaine with intent to distribute it inside a school zone. *Id.* at 471-72.

The *Roucoulet* court relied in part on *State v. Ivory*, 592 A.2d 205 (N.J. 1991). In that case, the pertinent statute provided that any person who violated a specified statute by "distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property" is guilty of a third-degree crime. *Id.* at 206-07. The court rejected the defendant's contention that he could be found guilty only if the state proved that he intended to distribute drugs on or within 1,000 feet of school property and not if he merely possessed drugs which he intended to distribute elsewhere. *Id.* at 210. The court said that the enhancement statute increased the sanction upon a person who violated the first statute.

Rasmussen relies on two decisions by federal district courts for a different result: *United States v. Testa*, 768 F. Supp. 221 (N.D.Ill. 1991), and *United States v. Liranzo*, 729 F. Supp. 1012 (S.D.N.Y. 1990). The Fifth Circuit disagreed with the views of those district courts. See *United States v. Wake*, 948 F.2d 1422, 1430 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 2944 (1992). The *Wake* court held that 21 U.S.C. § 845a,[4] which provided

---

[4] Section 845a now appears as 21 U.S.C. § 860.

that anyone "who violates section 841(a)(1) or section 856 . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of" a school, applies to possession of a controlled substance within 1,000 feet of a school with intent to distribute it *somewhere*, whether or not the intent is to distribute it within that zone. *Wake*, 948 F.2d at 1429-30.[5]

Having concluded that § 161.49, STATS., applies to a person who violates § 161.41(1m)(cm), STATS., by possessing with intent to deliver a controlled substance anywhere, including outside the zone, while passing within the zone, we reverse the trial court's order and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

[5] The Third Circuit and District of Columbia Circuit agree with the Fifth Circuit's reading of the statute. *United States v. McDonald*, 991 F.2d 866, 869 (D.C. Cir. 1993); *United States v. Rodriguez*, 961 F.2d 1089, 1092 (3rd Cir. 1992).