DROEGE, Plaintiff-Respondent, v. DAYMAKER CRANBER-
RIES, INC., Defendant-Appellant.

Court of Appeals

*No. 78–229. Submitted on briefs January 17, 1979.—*
*Decided February 13, 1979.*
(Also reported in 276 N.W.2d 356.)

For the plaintiff-respondent the cause was submitted on the briefs of *Paul L. Jonjak* of *Jonjak & Kase* of Sturgeon Bay.

For the defendant-appellant the cause was submitted on the brief of *James C. McKay Sr.* of Superior.

Before Dean, P.J., Donlin, J., Foley, J.

DEAN, P.J.  Daymaker appeals from a judgment awarding Droege a portion of Daymaker's land by adverse possession.  The land is a triangular parcel with approximately 650 feet of frontage on the St. Croix River.  The southern and eastern boundaries are the quarter lines of the forty and measure approximately 394 feet and 506 feet, respectively.  The area is "pretty heavily forested," and the northern portion was described as a swamp.  A beach is located in the southwest corner.

Droege owns the land to the south of this parcel. In 1973, she entered into an agreement to sell her property to Robert Tyman.  The agreement provided that Droege "will acquire and convey good title to the purchaser [of the contested parcel] and that she will com-

mence proceedings to acquire said property within a reasonable period of time following completion of this [earnest money agreement] transaction." In 1974, Droege brought this action to quiet title. In January, 1978, trial was held to the court, and judgment was entered in favor of Droege. Additional facts will be stated as needed in the opinion.

Three issues are presented on appeal:

(1) Was the plaintiff a proper party to bring this action?

(2) Was the evidence sufficient to establish adverse possession?

(3) Where adverse occupancy of part of a parcel of land is established, must the adverse possessor produce evidence of the actual area occupied sufficient to serve as the basis for a legal description of that area?

## I.

Daymaker argues that Droege is not a proper party to bring this suit because she had sold the land in question prior to the commencement of this action. The agreement clearly requires Droege to acquire and convey good title to the property as a condition of sale. Droege has not yet acquired title to the land in question, and obviously could not convey title to land which she did not acquire. The sale is, therefore, not yet completed, *Dittman v. Nagel*, 43 Wis.2d 155, 168 N.W.2d 190 (1969), and Droege retains interest in the land which allows her to bring this action to quiet title.

## II.

The question on appeal is whether, resolving conflicts in the evidence to favor the verdict, the findings are

contrary to the clear preponderance of the evidence. *Meyer v. Hope,* 101 Wis. 123, 77 N.W. 720 (1898). We will affirm the findings unless a finder of fact, properly applying the law, could not have reasonably concluded that the adverse possessor met his burden of proof. The finder of fact must strictly construe the evidence against the adverse possessor and apply all reasonable presumptions in favor of the true owner. *Bettack v. Conachen,* 235 Wis. 559, 564, 294 N.W. 57 (1940); *Lindokken v. Paulson,* 224 Wis. 470, 475, 272 N.W. 483 (1937).

Resolving conflicts in the evidence to favor the verdict, the claim of adverse possession is supported by the following acts of occupancy: a roadway was maintained and used in the southernmost 100 feet of the property, west from a point approximately 60 feet west of the eastern boundary; Droege allowed the guests at her lodge and the general public to camp, picnic, and hunt at unspecified locations northeast of the beach; the southern end of the property was brushed and occasionally mowed and raked an unspecified distance north to the edge of the swamp; boats were stored in the beach area; a parking area for six to eight cars was cleared near the roadway; and an unspecified number of "flags"[1] were attached to trees and stakes along the borders of the property. The witnesses agreed that no activity took place in the swamp.

Droege's claim of title is not founded upon a written instrument, judgment, or decree. As such, only the premises actually occupied may be adversely possessed, and the land is adversely possessed only if it has been "protected by a substantial inclosure" or "usually cultivated or improved" for twenty years. Secs. 893.05, 893.08, 893.09, Stats.

---

[1] Photographic evidence shows the "flags" to be stakes with small ribbons attached.

Daymaker concedes on appeal that, except for the inadequate description of the extent of occupation, sufficient evidence was presented to support a claim of adverse possession of the road, beach, picnic area and campgrounds, as well as the area which was brushed and mowed. *But see Seybold v. Burke,* 14 Wis.2d 397, 111 N.W.2d 143 (1961).[2] We will, therefore, not consider the sufficiency of that evidence. The remaining areas of alleged adverse possession are the swamp and the eastern edge of the tract. The only activities alleged in those areas are the placement of red and yellow flags, and hunting. The placement of "several stakes" with flags along a 500 foot border is insufficient as a matter of law to constitute "protection by a substantial inclosure." Neither the flags nor the hunting constitutes a "usual improvement" of the land. There is, therefore, no evidence to support a claim of adverse possession of the northern or eastern portions of the disputed property.

Droege argues that sufficient evidence was presented to allow adverse possession of the entire tract because the unoccupied area is contiguous to the land actually occupied. This argument ignores sec. 893.08, Stats.: "the premises so actually occupied, and no other, shall be deemed to be held adversely."

Droege also argues that adverse possession of the swamp is justified under *Burkhardt v. Smith,* 17 Wis.2d 132, 115 N.W.2d 540 (1962). In *Burkhardt,* the court noted that not "every square foot" must be occupied to constitute adverse possession of the whole tract of land. In *Burkhardt,* it is clear that the adverse occupancy extended substantially over the entire tract. Droege's

[2] Occasional cutting of brush and erection of a fence along part of a line were insufficient to establish adverse possession.

occupancy did not extend into the swamp. The edge of the swamp was variously described as 100 to 200 feet from the northern tip of the parcel. Section 893.08, Stats., forbids the tacking on of such a large parcel of land to "actually occupied" lands.

### III.

Daymaker argues that Droege's failure to specify the dimensions of the area occupied requires a finding of no adverse possession for the entire parcel. Other than measurements which were taken of the beach and road area, the record is devoid of evidence as to the dimensions of the area occupied. The burden of proving the extent of occupancy rests with the adverse possessor. In the absence of evidence upon which a legal description of the occupied area could be based, the claim of adverse possession must fail. While absolute precision or utilization of a surveyor is not required to establish lines of occupancy, the evidence must provide a reasonably accurate basis upon which the trial court can partition the land in accordance with sec. 893.08, Stats.

Evidence was received that the beach and roadway were located in the southernmost 100 feet of the property. The map prepared by a surveyor shows the easternmost portion of the roadway is approximately 60 feet west of the eastern boundary. This evidence is sufficient to allow the trial court to award Droege that parcel of land.

The camping and picnicking areas were not adequately described to allow adverse possession of those areas. The evidence presented at trial delineated neither the area that was brushed, nor the northern boundary

of the campground. Droege described the camping area as "north of the beach." Most of the camping was done "down close to the river," within "fifty feet or so." These descriptions are insufficient to allow the trial court to accurately partition the land. Where the adverse possessor elects to proceed on an all-or-nothing basis and fails to provide the trial court with evidence of the extent of actual occupancy upon which the land could be partitioned, failure to prove adverse occupancy of any substantial portion of the land is fatal to the entire claim. Where, as here, evidence was presented as to the extent of occupancy of only a portion of the land, only that portion may be awarded.

The judgment is reversed except insofar as it awards Droege the southernmost 100 feet of the parcel, approximately 60 feet west of the eastern boundary. On remand, the trial court will determine the appropriate legal description of this parcel.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.