Garth C. LaRENE, Mardelle B. Wendland and Gwendolyn LaRene Krueger, Plaintiffs-Respondents,

v.

Paul LaRENE, a/k/a Peter Paul LaRene, Defendant-Appellant. †

Court of Appeals

*No. 85-1258. Submitted on briefs May 14, 1986.—Decided July 28, 1986.*

(Also reported in 394 N.W.2d 742.)

---

† Petition to review denied.

For the plaintiffs-respondents, Garth C. LaRene, Mardelle B. Wendland and Gwendolyn LaRene Krue-

ger, there were briefs by *Ralph H. Nienow* of Merrill, Wisconsin.

For the defendant-appellant, Paul LaRene, a/k/a Peter Paul LaRene, there were briefs by *Lawrence J. Wiesneske,* of *O'Melia & McEldowney, S.C.,* Rhinelander, Wisconsin.

Before Cane, P.J., Dean and LaRocque, JJ.

LAROCQUE, J.   Paul LaRene appeals an order for the sale of property of which he is one-quarter owner. He contends that the property should be partitioned rather than sold and that the trial court lacked jurisdiction to order a sale. Because the trial court followed the correct statutory procedure in ordering the sale, we affirm.

Paul LaRene and the three respondents own forty acres of land as tenants in common. Paul has lived on a small portion of the property for most of his life. Included on that portion is a one-room building and a small outbuilding.

The three respondents brought a partition action under ch. 842, Stats., asking for partition or sale of the property. Paul moved the court to appoint a referee under sec. 842.07, Stats., to determine the basis for partition or to determine if a partition would be prejudicial to the parties. Paul opposed a sale, and he also offered to accept the two acres and buildings as his one-quarter share.

The trial court denied Paul's motion and found that the topography of the land prevented an equal division by area and tentatively concluded, subject to percolation tests, that the topography and condition of the soil also prevented an equal division by value. The trial court further found that to remove the two acres from the

property would have a "detrimental effect on the sale of the remaining 38 acres." After percolation tests confirmed that the soil was unsatisfactory for septic systems, the trial court ordered the land be sold as a unit.

The sole issue is whether the trial court correctly followed the provisions of ch. 842, and specifically of sec. 842.07. That section provides in relevant part:

> If the basis for partition[1] is clear, the court may enter judgment partitioning the interests. If the basis for partition is not clear, the court shall appoint a referee to report either a basis for partition, or the conclusion that partition is prejudicial to the parties.

Because the trial court did not specifically find whether the basis for partition was clear, Paul reasons that it lacked the jurisdiction to order the sale. We disagree.

The meaning of a statute is a question of law that we review without deference to the trial court's decision. *Wisconsin Department of Revenue v. Milwaukee Brewers Baseball Club*, 111 Wis.2d 571, 577, 331 N.W.2d 383, 386 (1983). The aim of statutory construction is to discern the legislature's intent. *State v. Denter*, 121 Wis.2d 118, 122, 357 N.W.2d 555, 557 (1984). Rules of construction are used only to determine the meaning of an

---

[1] The parties do not address the meaning of the phrase "the basis for partition." They seem to agree that it refers to *where* the partition lines are to be drawn rather than *the reason* for partition. The trial court also interpreted the phrase that way: "I take the words 'basis for partition' to mean actual, physical partition of the property . . . ." Based on the phrase's use in ch. 842, see sec. 842.10(1), Stats., and its use in the adverse possession context, *see Droege v. Daymaker Cranberries, Inc.*, 88 Wis.2d 140, 146, 276 N.W.2d 356, 359 (Ct. App. 1979), we agree with this interpretation.

ambiguous statute. *State v. Tollefson*, 85 Wis.2d 162, 167, 270 N.W.2d 201, 203 (1978).

A statute is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany*, 104 Wis.2d 552, 561, 313 N.W.2d 47, 51-52 (1981). If a statute is ambiguous, we look to its statutory content, subject matter, scope, history, and the object to be accomplished in order to arrive at its reasonable meaning. *St. John Vianney School v. Board of Education*, 114 Wis.2d 140, 151, 336 N.W.2d 387, 391 (Ct. App. 1982). Whether a statute is ambiguous is a question of law. *Id.* at 150, 336 N.W.2d at 391.

We conclude that sec. 842.07 is ambiguous. Two reasonable readings are possible. It may be read to give the trial court only two options: one, to find that the basis, that is where the line is drawn for partition, is clear, and order a partition along those lines or, two, to find that a suitable location for the partition line is not clear and appoint a referee. The referee then suggests where to draw the line or that partition is prejudicial, that is, that no matter where the line is drawn it is unfair and sale is preferable.

On the other hand, sec. 842.07 also may be read to offer the trial court a third option. If the findings and conclusions indicate as a matter of law that there is no acceptable place to draw the line, then a referee is unnecessary. Section 842.17(1) provides that "[i]f ... partition cannot be made without prejudice to the owners, [the trial court] may order the sheriff to sell the premises ... ." Under the third option, a trial court, upon determining that a partition would be prejudicial

to the parties, would simply order a sale of the property and thus avoid the necessity of a referee.

We are persuaded that sec. 842.07, especially when viewed in relation to sec. 842.17(1), means that the trial court has three options. Logically, when a trial court determines that partition is impossible and therefore prejudicial, choosing a place to draw a partition line is irrelevant. For instance, if a large silo were situated on a conterminous parcel of land, partition would be impractical. Partition would likely prejudice the owners because the value of the structure as a whole would be destroyed. Use of a referee to disclose the obvious would waste time and money. To construe a statute as requiring this empty gesture is an absurd result and to be avoided if possible. *See Maxey v. Redevelopment Authority*, 120 Wis.2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984).

Here, the trial court's finding that the property could not be equitably divided by size or value is not clearly erroneous. Section 805.17(2), Stats. A real estate appraiser testified that because of the property's topography, including two large swamp areas, "[i]t is very doubtful . . . that it could be divided into four equal valued parcels." Another broker testified that the land would be worth more as a unit than if subdivided into four lots and sold separately. The percolation tests, performed at Paul's request, confirmed that the land could not support septic systems and therefore could not be platted into residential units.

Whether these findings constitute prejudice to the owners within the meaning of sec. 842.17(1) requires a legal conclusion. *See Nottelson v. DILHR*, 94 Wis.2d

106, 116, 287 N.W.2d 763, 768 (1980). We are not bound by a trial court's conclusion of law. *First National Leasing Corp. v. City of Madison*, 81 Wis.2d 205, 208, 260 N.W.2d 250, 253 (1977). However, we agree with the trial court that the respondents would be prejudiced because the land is worth less in four separate parcels than as a whole. *See White v. Tillotson*, 256 Wis. 574, 579, 42 N.W.2d 283, 285 (1950).

*By the Court.*—Order affirmed.