Thomas CAMACHO and Josephine Camacho,
Plaintiffs-Respondents,

v.

TRIMBLE IRREVOCABLE TRUST, c/o Gene Trimble,
Defendant-Third-Party Plaintiff-Appellant,

v.

David J. WELTER, Third-PartyDefendant.

Court of Appeals

*No. 2007AP1472. Submitted on briefs February 28, 2008.*
*—Decided June 18, 2008.*

2008 WI App 112

(Also reported in 756 N.W.2d 596.)

On behalf of the defendant-third-party plaintiff-appellant, the cause was submitted on the briefs of *Jerome E. Randall*, Wauwatosa.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Susan M. Grzeskowiak* of *Jastroch & LaBarge, S.C.*, Waukesha.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. The Trimble Irrevocable Trust (c/o Gene Trimble) appeals from an order granting summary judgment to Thomas and Josephine Camacho, holding that they gained title to a small strip of land through adverse possession. We reject Trimble's procedural and substantive challenges and affirm.

¶ 2. The Camachos started this adverse possession action to establish title to a strip of land along the eastern boundary of their property, abutting a parcel owned by Trimble. Trimble filed an answer denying the allegations. The Camachos moved for summary judgment, filing an evidentiary affidavit setting forth facts suggesting that they had maintained the strip of land for thirty-four years. Trimble's responsive affidavit did not dispute the material facts in the Camachos' affidavit. The circuit court granted summary judgment to the Camachos, holding that there was no genuine issue of material fact pertaining either to the period of time the Camachos have used the property or to the Camachos' open, notorious and continuous use of the property. Trimble appeals.

¶ 3. We review a motion for summary judgment de novo, using the same methodology as the trial court. *Old Tuckaway Assocs. Ltd. P'ship v. City of Greenfield*, 180 Wis. 2d 254, 278, 509 N.W.2d 323 (Ct. App. 1993). That methodology is well established and

275

need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. WIS. STAT. § 802.08(2) (2005–06).[1] The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Baxter v. DNR*, 165 Wis. 2d 298, 312, 477 N.W.2d 648 (Ct. App. 1991) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 312 (citation omitted).

¶ 4. Trimble raises several concerns with the circuit court's actions. First, Trimble complains that the court conducted independent research, did not give sufficient notice to permit him to refute the case cited by the court, and the research was biased on behalf of the Camachos. Second, he faults the court for not making findings of fact. Third, he asserts that the Camachos did not offer any evidence that they made substantial use of the disputed property. Finally, he argues that the circuit court erred in granting title to the Camachos without a survey or a metes and bounds description of the disputed property.

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 5. We will address Trimble's procedural concerns first. In granting summary judgment, the circuit court conducted its own research and cited to *Harwick v. Black*, 217 Wis. 2d 691, 580 N.W.2d 354 (Ct. App. 1998), to support its grant of summary judgment. Trimble criticizes the court:

> The trial court judge is supposed to be a neutral arbiter of the dispute. A difficult situation is created when the trial court does the legal research for one party. It is more difficult when the legal research is not timely disclosed. It is a most difficult situation when the court announces its decision based upon its own legal research, and then by name and citation only, without any relevant rationale.

¶ 6. Addressing Trimble's last complaint first, the court did cite to *Harwick* by its full name and citation; it then made clear why it was relying upon that case. The court explained that *Harwick* discussed what a person must prove to establish an adverse possession claim. *See id.* at 699. The court went on to compare the facts presented by the Camachos with the requirements of *Harwick*, concluding that the Camachos carried the day.

¶ 7. Turning to Trimble's complaint that the court erred by conducting independent research, we are obliged to explain to Trimble how a circuit court judge fulfills his or her role in the adversarial system. A competent judge is not so naive to believe that briefs will always summarize the relevant facts and the applicable law in an accurate fashion. A competent judge uses the briefs as a starting line and not the finish line for his or her own independent research. Not only does a good judge confirm that the authorities cited actually support the legal propositions in the briefs, a good judge also makes sure that the authorities continue to repre-

sent a correct statement of the law. A member of the bench who fails to independently develop his or her own legal rationale does so at his or her own peril and the peril of the litigants.

¶ 8. As Judge Easterbrook of the 7th Circuit explains:

> That the [judge] did some research beyond the boundaries set by the briefs shows industry rather than the sort of indolence that might deprive the parties of a fair hearing . . . .
>
> [I]t is the sleepwalking judge, not the diligent one, who deprives the litigant of the personal right to careful, individual consideration.
>
> Any time a judge does independent research there is a risk of error, but judges with some initiative probably err at lower rates than judges who naively believe that the briefs cover everything worth considering. Courts frequently decide cases on lines of reasoning that can't be found in the briefs.

*Hampton v. Wyant*, 296 F.3d 560, 564–65 (7th Cir. 2002).

¶ 9. Without any citation to authority, Trimble claims the circuit court erred in not timely disclosing the results of its independent research, presumably to provide Trimble with time to refute the case the court had found. We conducted our own independent research and have failed to find any authority to support Trimble's proposition that a court must timely disclose the results of its research and provide the parties an opportunity to refute those results. The reason there is no authority to support this proposition is that the law provides many ways to challenge a court's reliance on cases discovered during research. For example, a party can file a motion

for reconsideration, Wis. Stat. § 805.17(3), or initiate an appeal. Wis. Stat. chs. 808 and 809.

¶ 10. Finally, Trimble contends that in conducting independent research, the circuit court abandoned its role as "a neutral arbiter of the dispute." In our adversarial system, the role of the circuit court is to decide who wins and who loses. We do not have the benefit of the court's research trail[2] but we presume the court considered many cases that discussed adverse possession and chose the case it believed best represented the correct statement of the law. Selecting the correct statement of the law to apply to the facts is not showing preference for one party over the other; rather, it is the court fulfilling its duty.

■■■■

¶ 11. Trimble's second complaint is that the circuit court did not make findings of fact. Circuit courts do not make "findings" of fact in ruling on a summary judgment motion. The only time findings of fact are required is after a trial to the court. Wis. Stat. § 805.17(2). Findings of fact are determinations by a court from the evidence of a case concerning the facts asserted by one party and denied by another. *Kozsdiy v. O' Fallon Bd. of Fire and Police Comm'rs*, 334 N.E.2d 325, 329 (Ill. App. Ct. 1975). Summary judgment, on the other hand, is only granted when there is no genuine issue as to any material fact, Wis. Stat. § 802.08(2),

---

[2] The court's personal notes are not accessible to litigants or the public. *State v. Panknin*, 217 Wis. 2d 200, 216, 579 N.W.2d 52 (Ct. App. 1998) ("In many cases it takes a great deal of work to reach a final ruling or decision: the back roads traveled, the dead ends encountered should not be accessible to a litigant. It is only the final reasoning process which judges are required to place on the record that is representative of the performance of judicial duties.").

where facts are not being asserted by one party and denied by the other. Therefore, formal findings of fact are not part of the summary judgment calculus. We do note that the circuit court summarized the undisputed evidence that supported the Camachos' adverse possession claim.

¶ 12. We will now tackle Trimble's substantive claims and will first address his complaint that the Camachos did not offer any evidence that they made substantial use of the disputed property. The Camachos filed an evidentiary affidavit that established: (1) They purchased their lot on October 27, 1972; (2) On the day they took possession, there was an existing patio that ran along the eastern boundary of the property and they believed it marked the eastern boundary of the lot; (3) Since 1972, they cut the grass up to what they believed was the eastern boundary of the lot and maintained the patio; (4) In 1980, a fence was erected by an unknown individual along, what the Camachos believed, was the eastern boundary of the lot;[3] (5) In 1980, they erected a shed along what they believed was the eastern boundary of the lot; (6) Since 1980, they have maintained the fence; (7) No person claimed title to any portion of the lot west of the fence until Trimble wrote a letter on June 19, 2006.

¶ 13. Because Trimble's evidentiary affidavit did not refute any of Camachos' evidentiary assertions, those assertions are deemed uncontroverted. *Wisconsin Elec. Power Co. v. California Union Ins. Co.*, 142 Wis. 2d 673,

---

[3] It is not significant that the Camachos did not erect the fence because they have maintained the fence since 1980. Also, it is obvious that whoever erected the fence believed it to mark the eastern boundary of the Camachos' lot.

684, 419 N.W.2d 255 (Ct. App. 1987). The question is whether those uncontroverted facts entitle the Camachos to summary judgment. We agree with the circuit court that they do.

¶ 14. WISCONSIN STAT. § 893.25(1) allows a person in uninterrupted adverse possession for twenty years to commence an action to establish title.

> Adverse possession under this section requires enclosure, cultivation, or improvement of the land. It requires physical possession that is hostile, open and notorious, exclusive and continuous for the statutory period. "Hostility" means only that the possessor claims exclusive right to the land possessed. The subjective intent of the parties is irrelevant to the determination of an adverse possession claim.

*Otto v. Cornell*, 119 Wis. 2d 4, 7, 349 N.W.2d 703 (Ct. App. 1984) (citations omitted). Section 893.25(2) requires the land to actually be occupied and either protected by a substantial enclosure or usually cultivated and improved.

¶ 15. It is enough to meet these requirements that the land has been enclosed by a fence since 1980 and a shed has been standing there since 1980. The fence and shed "significantly altered the character of the land in a manner which would give a reasonably diligent landowner notice of adverse possession." *See Pierz v. Gorski*, 88 Wis. 2d 131, 138, 276 N.W.2d 352 (Ct. App. 1979). A reasonable person viewing the fence would conclude that the Camachos owned the property to the west of the fence.

¶ 16. Trimble's second substantive complaint is that when the circuit court granted summary judgment

to the Camachos, it had neither a survey of the disputed property nor a metes and bounds description. At the conclusion of the motion hearing, the court directed that a survey be prepared:

> I'm going to need a specific legal description as to what that particular land is because that is what will end up in a legal document to then apprise any future landowners as to which property is in fact the Camachos (sic) under this adverse possession claim.

¶ 17. As the adverse possessor, the Camachos had the burden of establishing what property they were claiming occupancy over. *See Droege v. Daymaker Cranberries, Inc.*, 88 Wis. 2d 140, 146, 276 N.W.2d 356 (Ct. App. 1979). In *Droege,* the property owner argued that the adverse possessor's failure to specify the dimensions of the contested property required a finding of no adverse possession. *Id.* We held that the use of a surveyor is not required to establish the boundaries of the contested property as long as there is evidence that provides a "reasonably accurate basis" for the circuit court to know what property is in dispute. *Id.*

¶ 18. There is nothing in the record that supports an inference that the parties or the circuit court were unaware of what property was in dispute. The fence that ran the entire length of what the Camachos believed was the eastern boundary of their property was sufficient to allow the parties and the circuit court to know that the land between the Camachos' platted eastern boundary and the fence was in dispute.

*By the Court.*—Order affirmed.