# Illinois Official Reports

## Appellate Court

---

### *Miwel, Inc. v. Kanzler*, 2019 IL App (2d) 180931

---

| | |
|---|---|
| Appellate Court Caption | MIWEL, INC., Plaintiff-Appellant, v. THOMAS KANZLER and EARTH, INC., Defendants-Appellees. |
| District & No. | Second District<br>No. 2-18-0931 |
| Filed | November 25, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 17-MR-627; the Hon. Paul M. Fullerton, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Arnold H. Landis, of Law Offices of Arnold H. Landis, P.C., of Chicago, for appellant.<br><br>Thomas Kanzler, of Itasca, appellee *pro se*.<br><br>Thomas J. Laz, of Naperville, for other appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Presiding Justice Birkett and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff, Miwel, Inc., sued defendants, Thomas Kanzler and Earth, Inc. (Earth). Kanzler is Earth's president. Plaintiff sought recovery of unpaid rent, a declaratory judgment that Kanzler orally assigned his interest in certain personal property to plaintiff, and specific performance of the alleged assignment. The trial court entered partial summary judgment for defendants on grounds not raised by defendants. Plaintiff argues on appeal that the trial court erred by doing so. We reverse and remand for further proceedings.

¶ 2      <center>I. BACKGROUND</center>

¶ 3      Plaintiff's amended complaint alleged that Kanzler and/or Earth operated a rock-crushing business on property owned by plaintiff. Defendants occupied the property under an oral month-to-month lease. Rent for the property was $40,000 per month. Claiming financial difficulties, Kanzler initially failed to pay the agreed rent. As security for Kanzler's promise to pay past and future rent, Kanzler orally assigned to plaintiff his right, title, and interest in the equipment used in the rock-crushing business, as well as the crushed rock on the premises. Plaintiff and Kanzler agreed that Kanzler would retain possession of the crushed rock and the equipment so long as they were worth more than the amount owed to plaintiff.

¶ 4      The Illinois State Toll Highway Authority (Toll Authority) subsequently initiated an action to condemn the property. Plaintiff alleged, on information and belief, that defendants and the Toll Authority negotiated for (1) the sale of the crushed rock to the Toll Authority and (2) the sale of, or payment for relocating, the rock-crushing equipment. Plaintiff alleged that, by negotiating with the Toll Authority, "Kanzler and/or Earth are denying that Plaintiff has ownership of the crushed rock and the rock crushing equipment." Plaintiff sought (1) a declaratory judgment that the assignment was valid and that plaintiff was entitled to "the sole and exclusive possession of the crushed rock and rock-crushing equipment," (2) damages for breach of the lease, (3) recovery in *quantum meruit*, and (4) specific performance of the assignment.

¶ 5      Defendants filed separate motions for summary judgment. Kanzler's motion asserted that the parties' oral agreement was unenforceable under the Frauds Act (740 ILCS 80/0.01 *et seq.* (West 2016)) and that the suit was barred by the statute of limitations and the doctrine of *laches*. Kanzler also sought summary judgment on the basis that his agreement (if any) was not with plaintiff but with plaintiff's chief operating officer in his individual capacity. Kanzler further contended that the crushed rock and the rock-crushing equipment belonged to Earth and that he lacked authority to assign them to plaintiff. Finally, Kanzler argued that plaintiff had an adequate remedy at law and was not entitled to specific performance.

¶ 6      Earth contended in its summary-judgment motion that Kanzler, not Earth, had entered into a lease with plaintiff and that Earth had not assigned its property to plaintiff. Earth maintained that, because it was not a party to any contract, specific performance was unavailable. Earth argued that, if a contract existed, plaintiff could not recover under a *quantum meruit* theory. Earth further contended that, if there was an assignment, it was unenforceable under the statute of frauds in the Uniform Commercial Code (UCC) (810 ILCS 5/2-201 (West 2016)).

¶ 7      The trial court entered summary judgment for defendants on the counts of the amended complaint seeking a declaratory judgment and specific performance. Rejecting the arguments

in defendants' summary-judgment motions, the trial court granted the motions on a basis that neither defendant raised. The trial court ruled that the alleged assignment was an attempt to create a security interest in the rock-crushing equipment and the crushed rock. Citing section 9-203(b) of the UCC (810 ILCS 5/9-203(b) (West 2016)), the trial court concluded that the effectiveness of the security interest depended on the existence of a written security agreement. The trial court ruled that, because the alleged agreement was oral, it was unenforceable. The trial court entered a written finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of the partial summary judgment. Plaintiff filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9        At issue in this appeal is whether the trial court erred by entering summary judgment on grounds not raised in defendants' summary-judgment motions, to wit, that the purported assignment was not valid under the UCC. In arguing that the entry of summary judgment was error, plaintiff relies on *Peterson v. Randhava*, 313 Ill. App. 3d 1 (2000). Defendants do not dispute that the basis for the trial court's ruling was not raised in their motions. However, they contend that *Peterson* is distinguishable because, in that case, the trial court entered summary judgment for the defendant even though she had not even moved for summary judgment. Here, in contrast, defendants did move for summary judgment. Notwithstanding that distinction, however, plaintiff's position is supported by Illinois precedent.

¶ 10       In *Tyler Enterprises of Elwood, Inc. v. Skiver*, 260 Ill. App. 3d 742, 753 (1994), the trial court entered summary judgment based on its finding that the failure of a thermostat in a heater supplied by one of the defendants, Jack Skiver, was the proximate cause of a fire at a fertilizer-manufacturing plant. The summary judgment was entered on the motion of a codefendant, Eli Lilly and Company, that raised no issue of causation. Skiver moved to vacate the summary judgment so that he could present evidence on the issue. The trial court denied the motion, reasoning that Skiver was "trying to get a 'second bite of the apple.' " *Id.* at 753-54. The *Tyler Enterprises* court disagreed, observing that "Skiver did not get a first bite, nor did [he] know it was time to take a bite." *Id.* at 754. The court explained:

> "Lilly's motion for summary judgment only addressed the issues of the validity of [an] exculpatory clause and Tyler's right to recover against Lilly under a theory of wilful and wanton misconduct. Skiver did not participate in the hearing on that motion because he did not have any evidence on those issues and the court was ruling on the counts of the complaint against Lilly. Skiver had no way of knowing that the court was going to decide the issue of proximate cause and has not had a chance to present evidence on that issue. We therefore conclude that the trial court's finding of proximate cause was premature and erroneous." *Id.*

¶ 11       As our supreme court has stated, "[a] motion for summary judgment is used when the pleader 'assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried.' " *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 190 (1989) (quoting *Janes v. First Federal Savings & Loan Ass'n of Berwyn*, 57 Ill. 2d 398, 406 (1974)). Here, for purposes of their motions for summary judgment, defendants conceded the sufficiency of the allegations that the crushed rock and the rock-crushing equipment had been assigned to plaintiff. As in *Tyler Enterprises*, plaintiff was entitled to notice that summary judgment might be entered on the basis that the evidence in the record

- 3 -

established that the assignment was invalid as a matter of law. As in *Tyler Enterprises*, plaintiff was entitled to an opportunity to present evidence establishing an issue of material fact as to the validity of the assignment.

¶ 12 *Johnson v. Decatur Park District*, 301 Ill. App. 3d 798 (1998), *abrogated on other grounds by Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 232 (2007), is likewise on point. In *Johnson*, the plaintiffs sued the Decatur Park District and the Young Women's Christian Association (YWCA), seeking recovery for injuries that one of the plaintiffs suffered at the YWCA while using a mini trampoline owned by the park district. They also sought recovery from Decatur Park District employee Ken Park, who allegedly failed to properly supervise the injured plaintiff. The YWCA sought summary judgment on the grounds that the injury was the result of an open and obvious danger and that the YWCA was a local public entity entitled to statutory immunity. During the hearing on the summary-judgment motion, the court raised, *sua sponte*, the question of whether the YWCA was entitled to summary judgment because Park was not its agent and so it could not be held vicariously liable for his negligence. The trial court granted a short recess to allow the parties' attorneys to review discovery materials. The hearing resumed, and upon its conclusion, the trial court entered summary judgment solely on the basis that Park was not the YWCA's agent. The *Johnson* court reversed because "[p]laintiffs had no notice that this issue would be raised" and "[t]he short break given counsel by the trial court during the motion hearing to review discovery materials on the issue was no substitute for proper notice and an opportunity to prepare for argument." *Id.* at 811-12. Similarly, in this case plaintiff was not given sufficient notice and opportunity to argue that its assignment did not run afoul of the UCC.

¶ 13 Defendants cite no Illinois case approving the practice of entering summary judgment for reasons not raised by the movant. Instead they rely on federal cases—*Elder v. Holloway*, 510 U.S. 510 (1994), and *Hampton v. Wyatt*, 296 F.3d 560 (7th Cir. 2002)—that stand for the proposition that, in deciding a case, a court may do its own research and is not constrained by the arguments advanced by the parties. However, at issue in both cases was whether a *reviewing* court may rely on precedent not cited by the parties. Neither case dealt with the question of what legal theories a trial court may consider when deciding a summary-judgment motion. Furthermore, even if *Elder* and *Hampton* were on point, we would not be obligated to follow them. This court is not bound by federal circuit or district court cases. *People v. Spears*, 371 Ill. App. 3d 1000, 1006 (2007). Nor are we bound by United States Supreme Court cases not decided on constitutional grounds. *Id.* at 1005.

¶ 14 A Wisconsin case cited by defendants—*Camacho v. Trimble Irrevocable Trust*, 2008 WI App 112, 756 N.W.2d 596—is somewhat more on point than the federal cases in that it considered whether a trial court may conduct independent research in deciding a summary-judgment motion. There is a difference, however, between conducting independent research and injecting new issues into the proceedings. In any event, because *Tyler Enterprises* and *Johnson* are directly on point, "we need not, and should not, look to cases from other jurisdictions." *People v. Rodriguez*, 2019 IL App (1st) 151938-B, ¶ 28.

¶ 15                                    III. CONCLUSION

¶ 16 For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County and remand for further proceedings.

¶ 17        Reversed and remanded.