2021 IL App (2d) 210155-U
No. 2-21-0155
Order filed December 17, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MIWEL INC., | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-MR-627 |
| | ) | |
| THOMAS KANZLER and EARTH INC., | ) | Honorable |
| | ) | Paul M. Fullerton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   (1) Trial court properly granted defendants partial summary judgment on plaintiff's complaint because alleged security agreement was not in writing and plaintiff did not have actual possession of alleged collateral; and (2) plaintiff's arguments not supported by relevant authority were forfeited.

¶ 2    The plaintiff, Miwel, Inc., sued the defendants, Thomas Kanzler and Earth, Inc. (Earth). Kanzler is the president and majority owner of Earth. The plaintiff sought recovery of unpaid rent, a declaratory judgment that Kanzler orally assigned his interest in certain personal property to the plaintiff, and specific performance of the alleged assignment. The trial court entered partial summary judgment for the defendants. The plaintiff appeals from that order. We affirm.

¶ 3                                    I.   BACKGROUND

¶ 4      In June 2017, the plaintiff filed an amended complaint alleging that Kanzler and/or Earth operated a rock-crushing business on property owned by the plaintiff.  Beginning in October 2005, the defendants occupied the property under an oral month-to-month lease.  Rent for the property was $40,000 per month. Claiming financial difficulties, Kanzler initially failed to pay the agreed rent.  In June 2014, as security for Kanzler's promise to pay past and future rent, Kanzler orally assigned to the plaintiff his right, title, and interest in the equipment used in the rock-crushing business, as well as the crushed rock on the premises.  The plaintiff and Kanzler agreed that Kanzler would retain possession of the crushed rock and the equipment so long as they were worth more than the amount owed to the plaintiff.

¶ 5      The Illinois State Toll Highway Authority (Toll Authority) subsequently initiated an action to condemn the property. The plaintiff alleged, on information and belief, that the defendants and the Toll Authority negotiated for (1) the sale of the crushed rock to the Toll Authority and (2) the sale of, or payment for relocating, the rock-crushing equipment.  The plaintiff alleged that, by negotiating with the Toll Authority, "Kanzler and/or Earth are denying that Plaintiff has ownership of the crushed rock and the rock crushing equipment."  The plaintiff sought (1) a declaratory judgment that the assignment was valid and that the plaintiff was entitled to "the sole and exclusive possession of the crushed rock and rock-crushing equipment," (2) damages for breach of the lease, (3) recovery in *quantum meruit*, and (4) specific performance of the assignment.

¶ 6      In June 2018, the defendants filed separate motions for summary judgment.  Kanzler's motion asserted that the parties' oral agreement was unenforceable under the Frauds Act (740 ILCS 80/0.01 *et seq.* (West 2016)) and that the suit was barred by the statute of limitations and the doctrine of laches.  Kanzler also sought summary judgment on the basis that his agreement (if any)

was not with the plaintiff, but with the plaintiff's chief operating officer in his individual capacity. Kanzler further maintained that the crushed rock and the rock-crushing equipment belonged to Earth and that he lacked authority to assign them to the plaintiff. Finally, Kanzler argued that the plaintiff had an adequate remedy at law and was not entitled to specific performance.

¶ 7    Earth's summary judgment motion asserted that Kanzler, not Earth, had entered into a lease with the plaintiff and that Earth had not assigned its property to the plaintiff. Earth maintained that, because it was not a party to any contract, specific performance was unavailable. Earth argued that, if a contract existed, the plaintiff could not recover under a *quantum meruit* theory. Earth further asserted that, if there was an assignment, it was unenforceable under the statute of frauds in the Uniform Commercial Code (UCC) (810 ILCS 5/2-201 (West 2016)).

¶ 8    On September 13, 2018, the trial court entered summary judgment for the defendants on the counts of the amended complaint seeking a declaratory judgment and specific performance. Rejecting the arguments raised in the defendants' summary judgment motions, the trial court instead granted the motions on a basis that neither defendant raised. The trial court ruled that the alleged assignment was an attempt to create a security interest in the rock-crushing equipment and the crushed rock. Citing section 9-203(b) of the UCC (810 ILCS 5/9-203(b) (West 2016)), the trial court concluded that the effectiveness of the security interest depended on the existence of a written security agreement. The trial court ruled that, because the alleged agreement was oral, it was unenforceable. The trial court entered a written finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of the partial summary judgment. The plaintiff thereafter filed a timely notice of appeal.

¶ 9    On November 25, 2019, this court held that the trial court could not enter summary judgment on grounds that the defendants had not raised in their motions for summary judgment.

We therefore reversed and remanded for additional proceedings. *Miwel, Inc. v. Kanzler*, 2019 IL App (2d) 180931, ¶¶ 10-11, 16.

¶ 10 On remand, the defendants again filed motions for partial summary judgment. Their motion asserted that the plaintiff had no security interest in their rock-crushing equipment and crushed rocks because there was no written security agreement—the same rationale that the trial court gave in granting their initial motions for partial summary judgment.

¶ 11 On January 11, 2021, the trial court granted the defendants' motion for partial summary judgment on counts IV through VIII and made a finding pursuant to Supreme Court Rule 304(a). The plaintiff thereafter filed a timely notice of appeal.

¶ 12                                                     II.  ANALYSIS

¶ 13 On appeal, the plaintiff argues that summary judgment was improper because (1) although it did not have a written agreement, its oral agreement with the defendants gave it possession of the collateral; and (2) it had possession of the collateral since the collateral constituted a tenant improvement and a fixture.

¶ 14 Under section 9-203(b) of the UCC, a security interest is created if (1) value has been given, (2) the debtor has rights in the collateral or the power to transfer such rights to a secured party, and (3) the debtor and the secured party have agreed that a security interest shall attach to the collateral. 810 ILCS 5/9-203(b) (West 2016). As to the third requirement, typically the parties' agreement that a security interest attaches to the collateral is evidenced by a written, authenticated security agreement. *Id.* § 9-203(b)(3)(B); *Andrews v. Mid-America Bank & Trust Co. of Fairview Heights*, 152 Ill. App. 3d 139, 143 (1987). A secured party may then perfect its security interest by filing a financing statement with the Secretary of State, and this places third parties on notice of that party's interest in the collateral. 810 ILCS 5/9-310(a) (West 2016); *Laurel Motors, Inc. v. Airways*

*Transportation Group of Companies, Inc.*, 284 Ill. App. 3d 312, 317 (1996). However, parties' agreement that a security interest attaches to the collateral may also be evidenced by the secured party's actual possession of the collateral, and such possession likewise operates to put third parties on notice of the secured party's interest in the collateral. *Id.*; *Edibles Corp. v. West Ontario Street Ltd. Partnership*, 273 Ill. App. 3d 550, 554, (1995); 810 ILCS 5/9-310(b)(6) (West 2016).

¶ 15    As set forth above, the purpose of section 9-203 is to put third parties on notice that the secured party has interest in collateral. This can be done either by recording the written agreement with the Secretary of State's office or having actual possession of the collateral. Here, the plaintiff did neither. The plaintiff argues that the parties' oral agreement essentially gave him constructive possession of the stones at issue. However, constructive possession is insufficient under the UCC because it does not give third parties actual notice of the secured party's interest in the collateral. Accordingly, the trial court properly granted the defendants summary judgment on counts IV through VIII of the amended complaint.

¶ 16    The plaintiff's second contention on appeal is that the trial court erred in granting summary judgment to the defendants because the crushed rock at issue was a tenant improvement and a fixture belonging to the plaintiff. The plaintiff does not support his argument with any authority other than an appellate court decision from over a hundred years ago, *Galena Iron Works Co. v. McDonald*, 160 Ill. App. 211, 214 (1911). That case is of no precedential value. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 95 (1996) (pre-1935 appellate court decisions are not precedential). Absent any relevant authority, the plaintiff's argument is forfeited. See *McElmeel v. Safeco Insurance Co. of America*, 365 Ill. App. 3d 736. 734 (2006) (arguments unsupported by citation to authority will not be considered on appeal).

¶ 17    As a final matter, we note that the defendants ask us to impose sanctions on the plaintiff pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) for having filed a frivolous appeal. They therefore request that they be granted leave to petition for attorney fees that they incurred in defending against the frivolous appeal.

¶ 18    Supreme Court Rule 375 states that if an appeal is frivolous, not taken in good faith, or taken for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the costs of litigation, an appropriate sanction may be imposed upon any party or the attorney of the party.  Rule 375 also states an appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law."  Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 19    Finally, the rule states an appeal "will be deemed to have been taken * * * for an improper purpose where the primary purpose of the appeal or other action is to delay, harass, or cause needless expense."  *Id.*  In determining whether an appeal is frivolous, we use an objective standard: the appeal is frivolous "if it would not have been brought in good faith by a reasonable, prudent attorney."  *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990).

¶ 20    Here, although the plaintiff's appeal was neither well founded in law or in the facts of the case, based on our review of the entire record, we cannot say that the appeal was brought for an improper purpose.  We therefore deny the defendants' request to impose sanctions.

¶ 21                                    III.   CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 23    Affirmed.